**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CONRAD C. BIELEWICZ, ADMINISTRATOR** :
**OF THE ESTATE OF JOSEPH BIELEWICZ,** :
**DECEASED** :
11399 Wood Road :
PO Box 133 :
Dalton, New York  14836 :
               Plaintiff :
                :
           v. :      Number: 17-141 Erie
                :             Judge Barbara J. Rothstein
**UNITED STATES OF AMERICA** :
c/o United States Department of Justice :
950 Pennsylvania Avenue, NW :
Washington, D.C. 20530-0001 :
               Defendant :

## COMPLAINT - CIVIL ACTION (28 U.S.C. § 1346(b))

### *INTRODUCTORY STATEMENT*

1.      This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.,* against the United States of America for damages sustained by a citizen of New York as a result of medical care provided in McKean County, Pennsylvania which resulted in the death of Plaintiff's decedent on July 15, 2014.

### *JURISDICTION*

2.      The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1346(b), 2671 *et seq.,* which vests exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the Federal District Court.

3.      Venue is proper in the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b)(2) as the underlying events giving rise to this lawsuit occurred in McKean County, Pennsylvania which is situated in the Western District of Pennsylvania.

### *NATURE OF THE ACTION*

4.      This is a Wrongful Death Act (42 Pa.C.S.A. § 8301) and Survival Act (20 Pa.C.S.A. § 3371, *et. seq.*) claim based upon alleged medical malpractice arising out of the care and treatment provided to Joseph Bielewicz, deceased, by the Federal Bureau of Prisons, while incarcerated at FCI-McKean County, resulting in his premature demise on July 15, 2014.

### *PARTIES*

5.      Plaintiff Conrad C. Bielewicz, is a citizen and resident of the State of New York residing therein at 11399 Wood Road, PO Box 133, Dalton, New York 14836 and

was duly appointed the Administrator of the Estate of Joseph C. Bielewicz, Deceased, by the Surrogate's Court of the State of New York on September 22, 2015.

6.      At all relevant times hereto, the Defendant, United States of America, acted through its agency, the United States Department of Justice, Federal Bureau of Prisons.

## *ACTORS – STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA*

7.      Liability of the United States of America is predicated specifically upon 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages (Wrongful Death and Survival) that form the basis of this Complaint, were proximately caused by the negligence, wrongful acts and/or omissions of the following employees, of the United States of America, through its agency the United States Department of Justice, Federal Bureau of Prisons, who at all times material hereto were acting within the course and scope of their offices and/or employment, under conditions where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the Commonwealth of Pennsylvania:

(a)      Michael J. Walt, D.O.;

(b)      Diane Kengersky, PA-C; and

(c)      Trisha Wright, R.N.

## *ADMINISTRATIVE ADJUDICATION*

8.      Pursuant to 28 U.S.C. § 2675, this claim was timely presented, on June 20, 2016, to the appropriate agency of the United States of America, namely, the United States Department of Justice, Federal Bureau of Prisons.

9.      On December 16, 2016, the United States Department of Justice, Federal

Bureau of Prisons denied the claim. (A copy of the denial letter is attached as Exhibit "A".)

### *UNDERLYING FACTUAL AVERMENTS*

10.    Michael J. Walt, D.O., at all times material hereto was an employee of Defendant United States of America, employed with the United States Department of Justice, Federal Bureau of Prisons, and was acting in the course and scope of his office / employment as a licensed professional (Family Medicine) providing medical services to Plaintiff's decedent during his incarceration at FCI-McKean County and maintains a principle place of business at 181 Interstate Parkway, Bradford, Pennsylvania 16701. Plaintiff is asserting a professional liability claim against this Defendant.

11.    Diane Kengersky, PA-C, at all times material hereto was an employee of Defendant United States of America, employed with the United States Department of Justice, Federal Bureau of Prisons, and was acting in the course and scope of her office / employment as a certified physician's assistant providing medical services to Plaintiff's decedent during his incarceration at FCI-McKean County and maintains a principle place of business at 225 South Street, Ridgeway, Pennsylvania 15853. Plaintiff is asserting a professional liability claim against this Defendant.

12.    Trisha Wright, RN, at all times material hereto was an employee of Defendant United States of America, employed with the United States Department of Justice, Federal Bureau of Prisons, and was acting in the course and scope of her office / employment as a licensed registered nurse providing nursing services to Plaintiff's decedent during his incarceration at FCI-McKean County and maintains a principle place of business at 6975 Route 59, Lewis Run, Pennsylvania 16738. Plaintiff is asserting a professional liability claim against this Defendant.

13.     All of Michael J. Walt, D.O.'s actions and/or inactions described hereinafter, were performed as part of his office/employment with the United States of America at the United States Department of Justice, Federal Bureau of prisons and were performed or were not performed while in the course and scope of said employment.

14.     All of Diane Kengersky, PA-C's actions and/or inactions described hereinafter, were performed as part of her office/employment with the United States of America at the United States Department of Justice, Federal Bureau of prisons and were performed or were not performed while in the course and scope of said employment.

15.     All of Trisha Wright, RN's actions and/or inactions described hereinafter, were performed as part of her office/employment with the United States of America at the United States Department of Justice, Federal Bureau of prisons and were performed or were not performed while in the course and scope of said employment.

16.     Plaintiff's decedent Joseph Bielewicz was incarcerated at FCI – McKean from November 18, 2012 up through the time of his death on July 15, 2014.

17.     At the time of his incarceration, Plaintiff's decedent, Joseph Bielewicz, made Defendant aware that he had a history of lower right knee pain secondary to surgical repair of his anterior cruciate ligament and meniscus by informing FCI-McKean County's medical / nursing staff (Michael J. Walt, D.O., Diane Kengersky, PA-C and Trisha Wright, RN) that he had a history of lower right knee pain secondary to surgical repair of his anterior cruciate ligament and meniscus.

18.     At all times material hereto, Defendant was aware that Plaintiff's decedent was prescribed a heavy course of Ibuprofen by the medical staff at FCI-McKean County (Michael J. Walt, D.O. and Diane Kengersky, PA-C) including (9) 600 milligram tablets on

4

11/6/12, (360) 600 milligram tablets on 11/16/12, (540) 800 milligram tablets on 2/14/13 and (540) 800 milligram tablets on 8/1/13.

19.     At all times relevant hereto, Defendant was aware or should have been aware that Plaintiff's decedent, Joseph Bielewicz, also purchased (50) 200 milligram tablets of Ibuprofen from the commissary on July 29, 2013 and July 7, 2014.

20.     At all times material hereto, Defendant was aware that Plaintiff's decedent was also prescribed by the medical staff at FCI-McKean County (Michael J. Walt, D.O., Diane Kengersky, PA-C) (360) 500 milligram tablets of Naproxen on January 10, 2014.

21.     At no time during the administration of Ibuprofen and Naproxen was any monitoring or testing of Plaintiff's decedent's blood and liver function performed to watch for the development of ulcers, intestinal bleeding and/ or liver toxicity and function.

22.     At all times material hereto, Defendant was aware that Plaintiff's decedent was prescribed Prednisone 5 milligram dosepack on June 20, 2014 by Diane Kengersky, PA-C.

23.     At all times material hereto, Defendant through the medical personnel at FCI-McKean (Michael J. Walt, D.O., Diane Kengersky, PA-C and Trisha Wright, RN) was aware or should have been aware that Plaintiff's decedent, Joseph Bielewicz's, lab work revealed elevated total bilirubin on June 2, 2014 for blood drawn on May 29, 2014.

24.     On or about June 12, 2014, Plaintiff's decedent, Joseph Bielewicz, completed an Inmate Request to Staff wherein he stated that he feels horrible and thinks he may have a sinus infection in addition to ridiculous ongoing headaches.

25.     In response to the June 12, 2014 request, Diane Kengersky, PA-C, saw Plaintiff's decedent, Joseph Bielewicz, on June 20, 2014 and after conducting a cursory

examination prescribed antibiotics and a Prednisone Dosepack for suspected sinusitis.

26. During the June 20, 2014 examination, Plaintiff's decedent, Joseph Bielewicz, also reported that his stomach hurt, however, no abdominal examination was undertaken and nothing was done to ascertain the cause of his stomach pain.

27. On June 27, 2014, Plaintiff's decedent returned to FCI-McKean County's medical clinic for follow up and saw Diane Kengersky, PA-C and reported again that his stomach was hurting however no abdominal examination was undertaken and nothing was done to ascertain the cause of the stomach pain.

28. On July 6, 2014, Plaintiff's decedent, Joseph Bielewicz, completed another Inmate Request to Staff stating that his stomach was still bothering him and was very painful and extremely uncomfortable and that he was taking excessive amounts of Naproxen and Ibuprofen to try to alleviate his pain.

29. On July 7, 2014, after receiving no response to his July 6, 2014 inquiry, Plaintiff's decedent, Joseph Bielewicz, completed another Inmate Request to FCI – McKean County's Staff stating that he was having ridiculous stomach pains and that he has to take excessive pain killers in order to function.

30. On July 7, 2014, Trisha Wright, RN, triaged Plaintiff's decedent, Joseph Bielewicz, at FCI – McKean County, and noted that he complained about ridiculous stomach pain for over two weeks and that he was vomiting terribly and was currently nauseous and that he had diarrhea.

31. During Trisha Wright's July 7, 2014 triage, she noted Plaintiff's decedent's increasing blood pressure (142/80) but failed to conduct an adequate abdominal examination, a complete review of systems and evaluate the cause of his ongoing

stomach pain as a result of which she incorrectly concluded that his condition was stable and non-emergent.

32.     On July 8, 2014, Plaintiff's decedent, Joseph Bielewicz, was seen by Diane Kengersky, PA-C, at FCI – McKean County's medical clinic, at which time he stated that he had bad abdominal pain and diarrhea for the past two weeks as well as nausea and reported that he was taking Ibuprofen and Naproxen but was not eating.

33.     During the July 8, 2014 FCI McKean County medical clinic encounter, Diane Kengersky, PA-C recorded Joseph Bielewicz's blood pressure as 143/100 but failed to appreciate the significance of the high blood pressure reading or that his blood pressure had been slowly increasing over time.

34.     During the July 8, 2014 FCI – McKean County clinic encounter, Diane Kengersky, PA-C noted abdominal tenderness on palpation and right lower quadrant tenderness but failed to record any respiratory rate and did not obtain a complete review of systems.

35.     As a result of the July 8, 2014 FCI – McKean County medical clinic encounter, Diane Kengersky, PA-C ordered a urinalysis and a complete blood count with differential but did not order such studies on a stat basis and said studies were never performed or were cancelled.

36.     At all times from June 12, 2014 through July 8, 2014, Michael J., Walt, D.O. was aware of Joseph Bielewicz's clinical deterioration, complaints and findings as set forth above.

37.     On July 13, 2014, Michael J. Walt, D.O. was made aware that Plaintiff's decedent, Joseph Bielewicz, passed out during evening counts, at FCI – McKean County,

7

and suffered a 1.5 cm. laceration to his head, vomited clotted blood after ingesting ice and a fruit bar, and passed out a second time after attempting to climb some stairs.

38.     Michael J. Walt, D.O. after being informed of Plaintiff's decedent's condition instructed FCI – McKean County's staff to keep Plaintiff's decedent sitting straight up in a chair and that he would come in to see him.

39.     Michael J. Walt, D.O. examined Plaintiff's decedent on July 14, 2014, at 12:22 am, at FCI – McKean County, and despite initially not being able to obtain a blood pressure reading and then ultimately obtaining a blood pressure reading of 92/68 did not call for an ambulance until 20-30 minutes later.

40.     Plaintiff's decedent, Joseph Bielewicz, died on July 15, 2014 at Bradford Regional Medical Center secondary to massive upper and lower gastrointestinal hemorrhage due to bleeding gastric and duodenal ulcers.

## *NEGLIGENCE ALLEGATIONS*

41.     The Defendant United States of America's, through its agency United States Department of Justice, Federal Bureau of Prisons, negligence consisted of the following:

(a)     Failing to formulate a differential diagnosis with respect to Plaintiff's decedent's abdominal pain;

(b)     Failing to timely diagnose Plaintiff's decedent's ulcers;

(c)     Failing to properly monitor Plaintiff's decedent's blood and liver functions in light of the high doses of Ibuprofen and Naproxen prescribed to Plaintiff's decedent;

(d)     Prescribing and/or authorizing Prednisone for a patient with abdominal pain taking non-steroidal anti-inflammatories;

(e)     Failing to institute any prophylactic therapy to prevent gastritis and ulcer

development;

     (f)     Failing to timely send Plaintiff's decedent to an emergency room in light of his signs and symptoms indicative of an acute abdomen;

     (g)     Failing to order appropriate and necessary laboratory studies;

     (h)     Failing to investigate the cause of Plaintiff's decedent's abdominal pain;

     (i)     Failing to send Plaintiff's decedent to an emergency room after first learning of the events of July 13, 2014;

     (j)     Failing to appreciate the urgency of Plaintiff's decedent's medical condition;

     (k)     Waiting 15 minutes or longer to summon an ambulance after failing to obtain any blood pressure then obtaining a blood pressure of 92/68;

     (l)     Conducting inadequate physical examinations based on Plaintiff's decedent's medical history and complaints;

     (m)     Allowing Plaintiff's decedent's to lose a significant amount of blood secondary to bleeding;

     (n)     Failing to recognize or appreciate the risks of ulcer development secondary to non-steroidal anti-inflammatory usage;

     (o)     Cancelling and/or allowing the cancellation of the July 8, 2014 orders for blood and urine laboratory studies;

     (p)     Failing to heed the significance of Plaintiff's abnormal Total Bilirubin;

     (q)     Failing to appreciate the significance of Plaintiff's decedent's increasing blood pressure recordings; and

     (r)     Concluding that Plaintiff's decedent's condition was stable and non-emergent.

## SURVIVAL CLAIM

42.     Plaintiff, as Administrator of the Estate of Joseph Bielewicz, deceased, makes claims on behalf of the Estate of Joseph Bielewicz, deceased, under and by virtue of the Act of 1972, June 30, P.L. 508, No. 164, Section 2, eff. July, 1972, as amended, 20 Pa. C.S.A. §3371, et. seq. (known as the "Pennsylvania Survival Act").

43.     Plaintiff, Administrator of the Estate of Joseph Bielewicz, deceased, makes claims on behalf of the Estate of Joseph Bielewicz, deceased, for damages due to the conscious pain and suffering, loss of life's pleasures, embarrassment and humiliation, and inability to enjoy life and life's pleasures suffered by Plaintiff's decedent, up to and including the time of his death.

44.     As a result of the death of Joseph Bielewicz, deceased, his Estate has been deprived of the economic value of decedent's life during the period of his life expectancy and Plaintiff, as Administrator of the Estate of Joseph Bielewicz, deceased, claims damages for the pecuniary loss sustained by the Estate as a result of his death, including lost wages.

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendant for damages allowed under the Survival Act according to proof and for pre and post judgment interest as well as delay damages as permitted by law and for such other relief as this Court may deem just and proper.

## WRONGFUL DEATH CLAIM

45.     Plaintiff's decedent, Joseph Bielewicz, left surviving him the following:

(a)     His father, Conrad C. Bielewicz, 11399 Wood Road, PO Box 133, Dalton, New York 14836;

(b)     His mother, Diane Bielewicz, 2841 Ebert Road, Dalton, New York 14836;

(c)     His sister, Julie Bielewicz, 385 Chaparral Drive, Prescott, Arizona 86301; and

(d)     His sister, Jennifer Bielewicz, 2841 Ebert Road, Dalton, New York 14836.

46.     Plaintiff, Administrator of the Estate of Joseph Bielewicz, deceased, brings this action on behalf of the survivors of the deceased under and by virtue of the Act of 1855 P.L. as amended, Pa. R.C.P. 2202, as further amended, July, 1976, as further amended, July, 1995, 42 Pa. C.S.A. §8301 (known as the "Pennsylvania Wrongful Death Act").

47.     Plaintiff claims damages for the pecuniary loss suffered by Plaintiff's decedent's survivors by reason of the death of Joseph Bielewicz, Deceased, as well as reimbursement for medical expenses, funeral expenses, and other expenses incurred in connection therewith.

48.     As a result of the death of Plaintiff's decedent, the survivors have been deprived of the comfort, aid, tutelage and maintenance that they would have received from Plaintiff's decedent for the remainder of his natural life.

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendant for damages allowed under the Wrongful Death Act according to proof and for pre and post judgment interest as well as delay damages as permitted by law and for such other relief as this Court may deem just and proper.

(This page intentionally left blank.)

Respectfully Submitted,

**THE FEINBERG FIRM, PC.**

BY: /s/Donald J. Feinberg, Esq., LL.M.
    Identification Number:  (PA) 72791
    1800 JFK Blvd., Suite 1400
    Philadelphia, Pennsylvania 19103
    Attorney for Plaintiff
    Phone: (215) 558-2567
    Fax: (215) 558-2568
    E-mail:  Donald@TheFeinbergFirm.com